FILED
OCT - 7 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Seungjin Kim, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) | 
| President of the United States *et al.*, | ) ) |
| Defendants. | ) ) ) |

Case: 1:16-cv-02002 (F Deck)
Assigned To : Unassigned
Assign. Date : 10/7/2016
Description: Pro Se Gen. Civil

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). In addition, a complaint may be so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009).

3

Plaintiff resides in South Korea. In addition to the President of the United States, plaintiff purports to sue the U.S. Attorney General, U.S. Secretary of State, U.S. Congress, "United States Governors," the Federal Bureau of Investigation, and the Department of Homeland Security's Citizenship and Immigration Services. Compl. at 1. Plaintiff generally vents against the defendants in an incoherent manner.

Plaintiff also posits three questions about the Visa Waiver Program ("VWP"), 8 U.S.C. § 1187. *See* Compl. at 2. Under the VWP, the Secretary of Homeland Security and the Secretary of State are authorized to establish a program that temporarily waives certain requirements for nonimmigrants who are otherwise inadmissible. "The VWP permits visiting aliens to enter and remain in the United States as 'nonimmigrant visitor[s] . . . for a period not exceeding 90 days." *Bacuku v. Aviles*, No. 15-2543 (MCA), 2016 WL 818894, at *3–4 (D.N.J. Mar. 2, 2016) (quoting 8 U.S.C. § 1187(a)). A "qualifying visitor may enter the United States without obtaining a visa, so long as a variety of statutory and regulatory requirements are met," and he may remain in the United States for 90 days. *Id.* (quoting *Bradley v. Attorney General*, 603 F.3d 235, 238 (3d Cir. 2010)). One requirement is that the visitor "forfeit any right to challenge [his] removal, except that [he] may apply for asylum." *Kanacevic v. I.N.S.*, 448 F.3d 129, 133 (2d Cir. 2006). If the visitor is not granted asylum, he "can be removed without further proceedings." *Id.* (citing 8 C.F.R. § 217.4(a)(1)).

Based on the complaint's allegations, plaintiff is a resident of South Korea; he is not visiting the United States, let alone visiting under the VWP. Consequently, plaintiff lacks standing to sue under the VWP, and "[t]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Furthermore, jurisdiction to review the denial of an asylum application, which is "'closely tied to the removal of [an] alien,'" lies in an appropriate United States court of appeals, not this district court. *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 657 (3d Cir. 2007) (quoting *Nreka v. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) and *Kanacevic*, 448 F.3d at 134-35); *see id.* (holding "that 8 U.S.C. § 1252 vests us with jurisdiction to hear Shehu's appeal from a denial of asylum [and] withholding of removal"); *accord Lang v. Napolitano*, 596 F.3d 426, 428 (8th Cir. 2010) ("detect[ing] a serious jurisdictional flaw" in action in district court challenging removal order and seeking injunctive and mandamus relief).

Most importantly, "'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" *Pub. Serv. Elec. & Gas Co. v. F.E.R.C.*, 783 F.3d 1270, 1274 (D.C. Cir. 2015) (quoting *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (other citation omitted)). Such would be the result of addressing the questions plaintiff has posed. In its totality, the complaint is "patently insubstantial" and thus will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: October 6, 2016